FILED: 1/29/2024 11:51 AM
David Trantham
Denton County District Clerk
By: Alisha Rivera, Deputy

CAUSE NO.: 24-0854-481

| | | |
|---|---|---|
| NAQI SYED, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | ____ JUDICIAL DISTRICT |
| | § | |
| UNITED HEALTHCARE OF NORTH CAROLINA, | § | |
| | § | |
| | § | DENTON COUNTY, TEXAS |
| *Defendant.* | | |

<u>PLAINTIFF'S ORIGINAL PETITION</u>

TO THE HONORABLE JUDGE:

COMES NOW, Plaintiff NAQI SYED ("SYED") and files this Plaintiff's Original Petition, complaining of Defendant UNITED HEALTHCARE OF NORTH CAROLINA ("UHC"), and alleges as follows:

### I. DISCOVERY CONTROL PLAN

1. Pursuant to Rules 190.1 and 190.3 of the Texas Rules of Civil Procedure, Plaintiff states that discovery in this cause is intended to be conducted under Level 2.

**NOTICE OF PRODUCED DOCUMENTS.** Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant, is hereby notified that any and all documents and tangible things produced or delivered to the parties in this matter will be used by Plaintiff in all pre-trial, trial, and post-trial matters regarding this litigation.

### II. CLAIM FOR RELIEF

2. The Plaintiff is seeking monetary relief of $200,000 or more, excluding interest, statutory or punitive damages and penalties, and attorney's fees and cost.

## III. PARTIES

3. Plaintiff, Naqi Syed, is an individual residing at in Denton County, Texas and may be contacted by and through his attorney of record Themis Legal Group, PLLC, 209 2nd Street, #245, Fort Worth, Texas 76102.

4. Defendant, United Healthcare of North Carolina, is a domestic business corporation operating in Denton County and may be served by and through its registered agent, CT Corporation System at Colston at 160 Mine Lake Ct Ste 200, Raleigh, NC, 27615.

## IV. JURISDICTION AND VENUE

5. Venue is proper in this Court by virtue of Tex. Civ. P. & Rem. Code §15.002(a)(1) since a substantial part of the events or omissions giving rise to the claim occurred. Furthermore, this Court has jurisdiction in that the damages and subject matter in controversy are within the jurisdictional limits of this court.

## V. FACTS

*Plaintiff Purchases an HMO Family Healthcare Plan from the Healthcare MarketPlace.*

6. On or around December 2021, Mr. Syed used Healthcare Marketplace to pick health insurance for his family. He chose defendant UHC Bronze Value+ plan" (plan), known colloquially as a Family HMO medical health expense plan, issued as policy EXEX22HM0001244_00. The policy is attached hereto and incorporated into the pleadings as Exhibit A. The plan called for Mr. Syed to make premium payments in the amount of $789.32 a month (and in which he received a tax credit for $704 a month), in return, partly for, promises of payment for medical expenses charged to any covered person for the treatment of any sickness, injury, or disease. In particular, the policy promises to

pay 40% coinsurance for a hospital stay with an in-network provider. Mr. Syed's minor son was a covered beneficiary under the plan.

7. Mr. Syed commenced payment on or about January 8, 2022, for the policy to become effective on February 1, 2022. Mr. Syed paid his monthly premiums through October 2022. While Mr. Syed is a resident of Texas, his work calls for frequent periods of times spent abroad. During one of these trips over the first week of March, defendant UHC's website was not working properly and would properly accept payment. After multiple attempts to get the website to work, Mr. Syed was forced to call defendant and make a one-time payment over the phone with a representative, who them helped him to properly restart his auto-payments despite the website's former difficulties. As such, Mr. Syed received notices of payments due and receipts made.

8. Plaintiff's minor son began a period of health issues, which included frequent trips to his PCP, Urgent Care, and Eventually the ER.

9. On January 30, 2023, Mr. Syed wrote to the UHC, fully apprising the defendant of all the facts relating to Plaintiff's claim under the policy of insurance as detailed above. After taking Mr. Syed's statement and formal proof of loss, Defendant requested receipts and other papers from the Plaintiff, and sent an adjuster to examine Plaintiff's claim. Plaintiff fully cooperated with the defendant by furnishing all the items, statements, bills, and other papers requested. Notwithstanding such cooperation, Mr. Syed received a letter from the Defendant rejecting the claim and refusing to pay the benefits afforded by the policy of insurance. Although more than 60 days elapsed from the time UHC received any and all items requested to process Mr. Syed's claim- the claim remains unpaid. Thus, Mr. Syed is entitled to recover the additional sum of 18 percent per annum on his damages as described

in this petition from March 1, 2023 until the day before the judgment for the Plaintiff in this case is signed.

10. Plaintiff made payments to Defendant for his insurance premiums starting in January of 2022 and continuing through October of 2022. During September of 2022 Plaintiff's son, who is included in the policy coverage was ill and had multiple visits to the doctor to receive medical care. October of 2022, this same child was admitted to the hospital and required surgery and medical attention while there. During this same month, October of 2022, Defendant attempted to improperly cancel Plaintiff's insurance coverage in an effort to escape responsibility for the medical treatment received. Defendant based this denial on their own system error which would not allow Plaintiff to access properly while he was out of the county, and which failed to properly process an auto-payments. Syed attempted to access the UHC online system while he was out of the country from March through May of 2022 but was denied access. He was eventually able to set up autopay but experienced further system errors with that. In June of 2022 UHC contacted Syed and confirmed that the account was set up on autopay and that payments were being collected by UHC. UHC continued to accept claims from Plaintiff's healthcare providers and continued to accept payment through October of 2022.

11. Defendant failed to properly notify my client of the disputed payment and termination of coverage and are attempting to retroactively avoid having to cover medical expenses that fall within the policy guidelines.

12. Plaintiff incurred actual damages in the amount of $330,000.00, which is the current amount being billed by the hospital and staff for the services performed in September, October and November of 2022. UHC's decision on November 4, 2022 prevented Plaintiff

from getting insurance for all of December as healthcare.gov did not accept him for special enrollment during the 2022 calendar year.

13. Defendant has breached the terms of the insurance policy agreement and refused to make the necessary payments for medical expenses covered under the policy. Furthermore, Defendant has collected and continues to retain premiums paid for the months of August, September, October and an extra payment made in October of 2022 totaling $3,200.00 in paid premiums.

## VI.   CAUSES OF ACTION

### A. *Breach of Contract*

14. Plaintiff incorporates all the foregoing paragraphs as if fully stated herein.

15. The Defendant breached the contract with the Plaintiff when the Defendant failed to pay for the medical expenses and costs incurred by Plaintiff's minor son. Defendant refused to cover the portion of the medical expenses and costs it was contractually obligated to pay.

16. The elements of a breach of contract are (1) the existence of a valid contract; (2) the party suing to enforce the contract performed; (3) the defendant breached a material duty under the contract; and (4) the plaintiff sustained damages[1]. The Plaintiff and Defendant had an agreement where Plaintiff paid his premiums and the Defendants agreed to pay for certain medical costs and expenses for treatment and services to Plaintiff and his listed dependents. However, Defendant failed to comply with the agreement, refused to pay for covered medical expenses and costs and attempted to terminate Plaintiff's coverage after accepting monthly premiums from him.

### B. *Fraud*

---

[1] *See* Dong Jae Shin v. Sharif, 2009 Tex. App. LEXIS 3950, 2009 WL 1565028

17. Plaintiff incorporates all the foregoing paragraphs as if fully stated herein.

18. Causes of action for fraudulent misrepresentations under Texas law require proof of five elements: (1) a representation; (2) that the speaker knew to be false or was made recklessly; (3) made with the intention to induce the plaintiff's reliance; (4) resulting in actual and justifiable reliance (5) that causes injury. *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)); *Arnette*, 454 B.R. at 680. The entire concept of a "misrepresentation" relies on a factual statement that is false or a promise of future performance made with the intent not to perform. *Spoljaric*, 708 S.W.3d at 434-35; *Arnette*, 454 B.R. at 681 (internal citations omitted). A "statement" can either be an overt expression or an omission where one is required. "[S]ilence may be equivalent to a false representation only when the particular circumstances impose a duty on the party to speak and he deliberately remains silent." *Bradford v. Vento*, 48 S.W.3d 749, 755 (Tex. 2001). "Generally, no duty of disclosure arises without evidence of a confidential or fiduciary relationship," *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 674 (Tex. 1998), but in the absence of such a relationship, a duty to disclose can arise, for example, "when one makes a partial disclosure and conveys a false impression." *Brown & Brown of Tex., Inc. v. Omni Metals, Inc.*, 317 S.W.3d 361, 384 (Tex. App.- Houston [1st Dist.] 2010, pet. denied). Expressions of opinion without any factual underpinning cannot qualify as misrepresentations. In *re Westcap Enter.*, 230 F.3d 717, 726 (5th Cir. 2000). Such expressions qualify as puffery — mere statements of subjective opinion and not objective fact — rather than fraud. *See GJP, Inc. v. Ghosh*, 251 S.W.3d 854, 899 (Tex. App.-Austin

2008, no pet.). *Page v. Crown Ranch Dev. Ltd.* (*In re Crown Ranch Dev. Ltd.*), Case No. 11-90052, 13-14 (BANKR. E.D. TEX. Mar. 29, 2012)

19. To establish common fraud, a plaintiff must prove (1) the defendant made a material representation, (2) which was false, (3) which was either known to be false when made or which was recklessly made as a positive assertion without knowledge of its truth, (4) which the speaker made with intent that it be acted upon, and (5) the other party took action in reliance upon the misrepresentation, and (6) thereby suffered injury. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001); *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998).

20. As to the intent element, evidence must be presented that a representation was made with the intent to deceive and with no intention of performing as represented at the time the representation was made. *Formosa*, 960 S.W.2d at 48; *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434 (Tex. 1986). The speaker's intent at the time of the representation may be inferred from the speaker's subsequent acts after the representation was made. *Spoljaric*, 708 S.W.2d at 434.

21. As set forth in the foregoing causes of action, Defendant made false material representations to Syed through an overt expression and/or omission in order to receive money from Syed. Said actions were unlawful and the damages to Syed were proximately caused by Defendant's acts.

C. *Negligence 3 – Defendants*

22. Plaintiff incorporates all the foregoing paragraphs as if fully stated herein.

23. "Negligence is the failure to that which a person of ordinary prudence would have done under the same or similar circumstances, or doing that which a person of ordinary prudence

would not have done under the same or similar circumstances. *20801, Inc. v. Parker*, 249 S.W.3d 392, 398 (Tex. 2008); *Thompson v. Gibson*, 298 S.W.2d 97, 105 (Tex. 1957); *see also* State Bar of Texas, Texas Pattern Jury Charges PJC 2.1 (2012). Ordinary care means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances. STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJZC 2.1 (2012). Elements of negligence are:

    a. duty owed by defendant to plaintiffs;

    b. breach of that duty;

    c. proximate cause of the plaintiffs' damages by defendant's breach; and

    d. damages

24. As a result of Defendant's negligence, Syed has been damaged in an amount that does not exceed the jurisdictional limits of this Court. Syed seeks recovery of these damages from the Defendant.

### D. Texas Deceptive Trade Practices Act 4 – Defendants

25. Plaintiff incorporates all the foregoing paragraphs as if fully stated herein.

26. As Defendants have engaged in false, misleading and deceptive trade practices declared unlawful have violated and continue to violate TEX. BUS. & COM. CODE § 17.46(a) and (b) by engaging in one or more of the following acts or practices:

    a. Engaging in false, misleading, or deceptive acts or practices in the conduct of trade and commerce, in violation of TEX. BUS. & COM. CODE § 17.46(a);

    b. Causing confusion or misunderstanding as to the source, in violation of TEX. BUS. & COM. CODE § 17.46(b)(2);

c. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not, in violation of TEX. BUS. & COM. CODE § 17.46(b)(5);

d. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model if they are of another, in violation of TEX. BUS. & COM. CODE § 17.46(b)(7);

e. Advertising goods or services with intent not to sell them as advertised, in violation of TEX. BUS. & COM. CODE § 17.46(b)(9);

f. Representing that an agreement confers or involves remedies, or obligations which it does not have or which are prohibited by law, in violation of TEX. BUS. & COM. CODE § 17.46(b)(12);

g. Representing that work or services have been performed on or parts replaced in, goods when the work or services were not performed, or the parts replaced, in violation of TEX. BUS. & COM. CODE § 17.46(b)22); and

h. Failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed in violation of TEX. BUS. & COM. CODE § 17.46(b)(24);

27. As a result of these deceptive practices, Syed has been damaged in an amount that does not exceed the jurisdictional limits of this Court. Syed seeks recovery of these damages from the Defendant.

### E. Violation of Texas Insurance Code

28. Plaintiff incorporates all the foregoing paragraphs as if fully stated herein

29. As Defendant has engaged in false, misleading and deceptive trade practices declared unlawful have violated and continue to violate Texas Insurance Code Sec. 541.051. by engaging in one or more of the following acts or practices:

    a. Making a misrepresentation with respect to a policy issued with regard to the terms of the policy in violation of Texas Insurance Code 541.051 (1) A;

    b. Making a misrepresentation with respect to a policy issued with regard to the benefits or advantages promised by the policy in violation of Texas Insurance Code 541.051 (1) B;

    c. Making a misrepresentation to a policyholder insured by any insurer for the purpose of inducing or that tends to induce the policyholder to allow an existing policy to lapse or to forfeit or surrender the policy. in violation of Texas Insurance Code 541.051 5;

30. As a result of these deceptive practices, Syed has been damaged in an amount that does not exceed the jurisdictional limits of this Court. Syed seeks recovery of these damages from the Defendant.

## VII.   CONDITIONS PRECEDENT

31. All conditions precedent to the filing of this Original Petition have occurred.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff, Naqi Syed, prays for the following relief and judgment against Defendant:

(i) Judgment against Defendant for actual damages in an amount within the jurisdictional limits of this Court;

(ii) Attorney fees;

(iii)  Pre-judgment interest and post-judgment interest accruing on said sums at the highest rate allowed by law;

(iv)  The sum of eighteen percent (18%) per annum on the amount of policy benefits, as a statutory penalty on account of the Defendant's violation of *Insurance Code Section 542.051 et seq.*

(v)  All costs of court incurred herein; and

(vi)  Such other and further relief, at law or in equity, to which Plaintiff may show himself to be justly entitled or is entitled, are entitled, or may be entitled.

Respectfully submitted,

*/s/ K. Michael Sturgill /s/*
**K. Michael Sturgill**
SBN: 24075588
Direct Telephone: 214-504-6318
Attorney's Email: mike@themislegalgroup.com
**Philip Simpkins**
SBN: 24075588
Direct Telephone: 214-755-9030
Attorney's Email: philip@themislegalgroup.com
**Nick Veach**
SBN: 00789802
Direct Telephone: 972-948-3147
Attorney's Email: nick@themislegalgroup.com

**THEMIS LEGAL GROUP, PLLC**
209 W 2nd Street, #245
Fort Worth, Texas 76102
Office Telephone: 214-494-8044

**ATTORNEYS FOR NAQI SYED**

# CITATION –TRC 99 and 106

THE STATE OF TEXAS                                    COUNTY OF DENTON

**CAUSE NO. 24-0854-481**

**TO: United Healthcare of North Carolina, Registered Agent, CT Corporation System at Colston at 160 Mine Lake Ct. Ste 200, Raleigh, NC 27615  (or wherever he/she may be found)**

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may also be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

| Court: | 481st Judicial District Court<br>1450 E. McKinney, 4th Floor, Denton, TX 76209 |
|---|---|
| Cause No.: | 24-0854-481 |
| Date of Filing: | January 29, 2024 |
| Document: | Plaintiff's Original Petition |
| Parties in Suit: | Naqi Syed; United Healthcare of North Carolina |
| Clerk: | David Trantham, District Clerk, 1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or Party's Attorney: | K. Michael Sturgill<br>209 W 2nd Street, #245 Fort Worth, Texas 76102 |

Issued under my hand and seal of this said court on this the 30th day of January, 2024.

David Trantham, District Clerk
Denton, Denton County, Texas

BY: _Delaney South_____, Deputy

---

## Service Return

Came to hand on the _____ day of _____, 20___ , at _____m., and executed on the _____ day of _____, 20___, at _____ M by delivering to the  within  named _____
in  person  a true copy of this citation, with attached copy(ies) of the Plaintiff's Original Petition, at
_____  _____.

Service Fee: $ _____              _____ Sheriff/Constable
                                          _____ County, Texas

Service ID No. _____         _____
                                          Deputy/Authorized Person

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated:  upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure.   I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Denton County Courts to serve process.
Subscribed and sworn to before me on this the _____ day of _____, 20__
_____ Notary Public



**CT Corporation**
Service of Process Notification
02/01/2024
CT Log Number 545664260

## Service of Process Transmittal Summary

**TO:** Rebecca Thompson, Legal Svs Spclst
UnitedHealth Group Incorporated (111504190770700600)
9900 BREN RD E STE 300W
MINNETONKA, MN 55343-9693

**RE:** Process Served in North Carolina

**FOR:** UnitedHealthcare of North Carolina, Inc. (533105600770700600)  (Domestic State: NC)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | NAQI SYED vs. UNITED HEALTHCARE OF NORTH CAROLINA |
| **CASE #:** | 240854481 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, Raleigh, NC |
| **DATE/METHOD OF SERVICE:** | By Process Server on 02/01/2024 at 10:36 |
| **JURISDICTION SERVED:** | North Carolina |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/01/2024, Expected Purge Date: 03/02/2024 |
| | Image SOP |
| | Email Notification,  Administrative Assistant  legalmail@uhg.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
160 Mine Lake CT, Suite 200
Raleigh, NC 27615
877-564-7529
MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

## PROCESS SERVER DELIVERY DETAILS

Date: Thu, Feb 1, 2024
Server Name: Drop Service

| Entity Served | UNITEDHEALTHCARE OF NORTH CAROLINA, INC. |
| --- | --- |
| Case Number | 24-0854-481 |
| Jurisdiction | NC |

| Inserts |
| --- |
|  |

