# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| NAQI SYED, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:24-cv-165 |
| § | Judge Mazzant |
| UNITED HEALTHCARE OF NORTH § | |
| CAROLINA, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. #32). Having considered the Motion, the relevant pleadings, and the applicable law, the Court finds that the Motion should be **GRANTED**.

### BACKGROUND

This is an insurance dispute. But the question before the Court today is one of jurisdiction. The facts underlying this case involve the nonpayment of medical expenses under a health insurance policy (Dkt. #20). Naqi Syed ("Plaintiff") sued United Healthcare of North Carolina ("UHNC"), the alleged provider of the insurance policy, to recover unpaid insurance proceeds under a policy to which Plaintiff was the beneficiary (Dkt. #20). As it turns out, Plaintiff sued the wrong defendant (Dkt. #29).

This action began in state court. UHNC removed the matter to this Court on February 16, 2024 (Dkt. #1). The alleged basis for removal was diversity of citizenship under 28 U.S.C. § 1332(a), as Plaintiff is a Texas citizen and UHNC is a North Carolina corporation with its principal place of business in North Carolina (Dkt. #1 at pp. 1–2). During the discovery process, it became clear that UnitedHealthcare of Texas, Inc. ("UHTX")—rather than UHNC—issued the

insurance policy at the heart of this dispute (Dkt. #29). Accordingly, UHNC moved for summary judgment on the grounds that it "cannot be held liable for any alleged breach of the subject policy, or any corresponding statutory or common law violation" (Dkt. #29 at p. 1). Plaintiff did not respond to UHNC's Motion. Thus, the Court accepts as true UHNC's allegations in its Motion for Summary Judgment.[1]

Plaintiff did, however, move to amend their Complaint to add UHTX as a defendant (Dkt. #32). Instead of substituting UHNC for UHTX, Plaintiff's proposed Second Amended Complaint lists both UHNC and UHTX as defendants (Dkt. #33). UHNC opposes Plaintiff's attempt to amend their Complaint because it destroys diversity (Dkt. #37). Thus, the Court must evaluate its jurisdiction.

## LEGAL STANDARD

A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction. 28 U.S.C. § 1441. District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Weaver v. Zurich Am. Ins. Co.*, No. Civ. A. H–10–1813, 2010 WL 3910053, at *1 (S.D. Tex. Oct. 1, 2010). The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82

---

[1] Pursuant to Local Rule CV-7(d), Plaintiff's failure to oppose UHNC's Motion requires the Court to accept as true UHNC's assertion that it did not issue the policy in question. Local Rule CV-7(d) ("A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion.").

(5th Cir. 2007). A district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Groupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004).

## ANALYSIS

First things first, the Court will exercise its broad discretion and grant Plaintiff's request for leave to amend their Complaint (Dkt. #32). FED. R. CIV. P. 15(a) ("The court should freely give leave when justice so requires."). Plaintiff's Second Amended Complaint (Dkt. #33) is, therefore, deemed filed. Thus, the principal issue before the Court is to determine the jurisdictional impact of Plaintiff's amendment, which adds UHTX as a defendant. UHNC opposes the joinder of UHTX as a defendant (Dkt. #37). UHNC contends that Plaintiff's primary purpose of adding UHTX is to destroy diversity. The Court disagrees. In the Court's view, Plaintiff's purpose of adding UHTX is to sue the proper party in light of UHNC's allegations. The result, however, is the destruction of the Court's diversity jurisdiction. As explained below, the Court no longer may exercise jurisdiction over the case. Remand is appropriate.

"The Court has an independent obligation to assure itself that subject matter jurisdiction exists before it proceeds any further." *Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 749 (5th Cir. 2020). "[A] party's conduct may divest federal courts of jurisdiction where Congress has so prescribed—for example, by adding a nondiverse party." *Abraham Watkins Nichols Agosto Aziz & Stogner v. Festeryga*, 138 F.4th 252, 258 n.38 (5th Cir. 2025) (citing *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 37 (2025)). In such cases, the proper remedy is remand to the state court from which the action came. 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter

3

jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). Here, though there is no pending motion to remand or Rule 12(b)(1) motion to dismiss, the Court will fulfill its independent obligation by evaluating its jurisdiction *sua sponte*. In short, it has none.

Plaintiff's joinder of UHTX as a party "triggers the statutory bar" on the Court's subject matter jurisdiction. *Abraham Watkins*, 138 F.4th at 258 n.38. Subject matter jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship between every plaintiff and every defendant. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). The party invoking jurisdiction under § 1332 is responsible for showing that the parties are completely diverse. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Here, the face of Plaintiff's Second Amended Complaint demonstrates that Plaintiff is a Texas citizen (Dkt. #33 at p. 1). Though UHNC, as a North Carolina citizen,[2] remains diverse from Plaintiff, UHTX does not. Indeed, even the face of Plaintiff's Second Amended Complaint concedes that UHTX is a "domestic business corporation operating in Denton County" (Dkt. #33 at pp. 1–2). Nothing in Plaintiff's Complaint or any of the other briefing in this matter compel a contrary conclusion (*See* Dkt. #33; Dkt. #37; Dkt. #38 at p. 2). Accordingly, because Plaintiff and UHTX share the same citizenship, the Court lacks jurisdiction to adjudicate this matter any further. The case is therefore remanded back to the 481st District Court, Denton County, Texas.

---

[2] Puzzlingly, Plaintiff's Second Amended Complaint states that UHNC is a "domestic business corporation operating in Denton County" (Dkt. #33 at p. 1). At every stage, however, UHNC has maintained that it is a North Carolina corporation with its principal place of business in North Carolina (Dkt. #1 at p. 1; Dkt. #1-1; Dkt. #25).

4

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. #32) is hereby **GRANTED** and Plaintiff's Second Amended Complaint is deemed filed. Because the Court now lacks subject matter jurisdiction due to Plaintiff's amendment (Dkt. #33), the case is **REMANDED** to the 481st District Court, Denton County, Texas.

**IT IS SO ORDERED.**

SIGNED this 23rd day of July, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE